UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOHAMED ABRAR, HUSSEIN HUSSEIN AND SHIFERAW AWLACHEW, on behalf of themselves and all others similarly situated,<br>        Plaintiffs,<br><br>v.<br><br>REPUBLIC PARKING SYSTEM, LLC and SCOTT TITMUS,<br>        Defendants. | Civil Action No.:1:19-cv-11183 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Republic Parking System, LLC ("Republic") and Scott Titmus (collectively "Defendants") hereby notice the removal to this Court of the civil action styled as *Abrar et al. v. Republic Parking System, LLC and Scott Titmus*, from the Massachusetts Superior Court for Middlesex County, Civil Action No. 1981-CV-00991. In support thereof, the Defendants state the following:

1. Plaintiffs filed a Complaint in the present action on April 8, 2019 and a First Amended Complaint on April 16, 2019.

2. Plaintiffs served process on Republic on April 25, 2019.

3. True and correct copies of the Summons, Civil Action Cover Sheet, Amended Complaint, and Tracking Order served on Republic are attached hereto as Exhibit 1. The documents at Exhibit 1 constitute all process, pleadings, and orders served on Republic in this action. An assented-to motion to extend the time to respond to the Complaint dated May 15, 2019 is attached as Exhibit 2.

4. The Complaint alleges that the Defendants failed to pay Plaintiffs wages, including overtime and travel expenses, pursuant to Massachusetts law. Am. Complaint ¶¶51-

144. Specifically, Plaintiffs allege failure to pay overtime pursuant to MGL c. 151; failure to pay earned wages (referred to in the Amended Complaint as "Banked Hours") under MGL c. 149, s. 150; failure to pay travel expenses in violation of MGL c. 149, s. 151 and 454 CMR 27.04; and breach of contract.  They also seek a declaratory judgment.

5. The Complaint alleges that Plaintiffs' damages exceed Twenty-Five Thousand Dollars ($25,000).  Am. Complaint ¶ 8.

### This Notice Is Timely Filed

6. In accordance with the requirements of 28 U.S.C. § 1446(b), this notice of removal is filed within thirty (30) days after Plaintiffs served Republic with the initial pleading setting forth the claims for relief upon which Plaintiffs' action is based.

### This Court Has Diversity Jurisdiction Over This Action

7. Removal of this case is proper pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000 and the case is between citizens of different states.

8. Plaintiffs are citizens of the Commonwealth of Massachusetts.  *See* Am. Complaint, ¶¶ 1-3.

9. Republic Parking System, LLC is a foreign LLC.  Am. Complaint, ¶ 4.  It is organized under the laws of Tennessee with a principal place of business in New Jersey.  *See* 2018 Annual Report submitted to the Massachusetts Secretary of State, attached as Exhibit 3. The citizenship of an LLC is based upon the citizenship of each of its individual members.  *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016); *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54–55 (1st Cir. 2006).

10. Republic's manager is Imperial Parking (U.S.), LLC. *See* Corporate Disclosure Statement, attached as Exhibit 4. Imperial Parking (U.S.), LLC is organized under the laws of Delaware.

11. Defendant Scott Titmus is the former President of Republic, and resides in Tennessee.

12. Mr. Titmus has not been served with process in this matter.

13. Because Plaintiffs and Defendants are citizens of different states, the parties satisfy the complete diversity of citizenship requirement for removal.

14. For purposes of diversity jurisdiction, the sum demanded in the initial pleading is deemed to be the amount in controversy, except that:

> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks-- . . . a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000].

28 U.S.C.A. § 1446(c)(2).

15. In the instant Complaint, Plaintiffs seek unpaid wages, overtime and travel expenses. Am. Complaint at Counts I-III and Prayer for Relief. The Complaint alleges that damages exceed Twenty-Five Thousand Dollars ($25,000). Am. Complaint ¶ 8. Plaintiffs' Civil Action Cover Sheet in the Superior Court alleges damages of "$75,000," totaling $25,000 for each of the three Plaintiffs, without treble damages or fees. Exhibit 1.

16. Plaintiffs also seek treble damages and attorneys' fees. Am. Complaint at Counts I-III.

17.     The "amount in controversy" includes not only lost wages and other benefits, but also mandatory treble damages pursuant to M.G.L. ch. 149, § 150. *Lucas v. Ultima Framingham LLC*, 973 F. Supp. 2d 98, 101 (D. Mass. 2013) (citing *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 222 (D.N.H. 2004)).

18.     Reasonable estimates of attorneys' fees are also included in the amount in controversy when required by statute. *See Toro v. CSX Intermodal Terminals, Inc.*, No. 12–40115–TSH, 2013 WL 593947, at *4 (D. Mass. Feb. 11, 2013) (discussing recovery of attorney's fees under M.G.L. c. 149 § 150); *Arrigo v. Scholarship Storage, Inc.*, 10–11650–MLW, 2011 WL 3584715, at *4 (D. Mass. Aug. 10, 2011) (same).

19.     The compensatory damages each Plaintiff seeks, combined with the treble damages, exceed the $75,000 threshold for diversity jurisdiction for each Plaintiff.

20.     Therefore, complete diversity exists between the parties in this matter, the amount in controversy requirement is satisfied, and this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

21.     As a result, this case is properly removable to this Court under 28 U.S.C. § 1441.

22.     The Civil Cover Sheet required by this court is attached hereto as Exhibit 5.

23.     The Category Form required by this court is attached hereto as Exhibit 6.

24.     Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this notice of removal with the Clerk of the Massachusetts Superior Court for Middlesex County, and will also serve a copy upon counsel for Plaintiffs. A true and correct copy of the notice to the Clerk of the Massachusetts Superior Court for Middlesex County is attached hereto as Exhibit 7.

WHEREFORE, Defendants remove the action now pending against them in the Massachusetts Superior Court for Middlesex County, Civil Action No. 1981-CV-00991, to this Court.

May 24, 2019

Respectfully submitted,

REPUBLIC PARKING SYSTEM, LLC, AND SCOTT TITMUS

By their attorneys,

*/s/Hillary J. Massey*
Robert A. Fisher (BBO No. 643797)
Hillary J. Massey (BBO No. 669600)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Fax:               (617) 946-4801
rfisher@ @seyfarth.com
hmassey@seyfarth.com

**CERTIFICATE OF SERVICE**

I, Hillary J. Massey, hereby certify that on this 24th day of May, 2019, I served a true copy of the foregoing document by email and first class mail, on counsel for Plaintiffs.

David J. Relethford
Michael C. Forrest
Forrest, LaMothe, Mazow, McCullough,
Yasi & Yasi, P.C.
2 Salem Green, Suite 2
Salem, MA 01970

*/s/Hillary J. Massey*
Hillary J. Massey