Exhibit 1

# Exhibit 1

 **CT Corporation**

**Service of Process
Transmittal**
04/25/2019
CT Log Number 535367747

TO:  Heather Miller
Imperial Parking Canada Corporation
Legal Department, 601 West Cordova Street, Suite 300
Vancouver, BC V6B 1G1

RE:  **Process Served in Massachusetts**

FOR:  Republic Parking System, LLC  (Domestic State: TN)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Mohamed Abrar, Hussein Hussein and Shiferaw Awlachew, on Behalf of Themselves and Others Similarly Situated, Pltfs. vs. Republic Parking System, LLC and Scott Titmus, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Proof, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Middlesex Superior Court, Middlesex County, MA<br>Case # 1981CV00991 |
| **NATURE OF ACTION:** | Employee Litigation - Complaint has been filed for violation of M.G.L. 151 as Failure to Pay Overtime Wages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/25/2019 at 15:34 |
| **JURISDICTION SERVED :** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days |
| **ATTORNEY(S) / SENDER(S):** | David J. Relethford, Esq.<br>McCullough, Yasi & Yasi, P.C.<br>2 Salem Green, Suite 2<br>Salem, MA 01970<br>617-231-7829 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/25/2019, Expected Purge Date: 04/30/2019<br><br>Image SOP<br><br>Email Notification,  Heather Miller  hmiller@impark.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 155 Federal St Ste 700<br>Boston, MA 02110-1727 |
| **TELEPHONE:** | 617-757-6404 |

Page 1 of  1 / ZB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## Commonwealth of Massachusetts

MIDDLESEX,SS.

MOHAMED ABRAR, HUSSEIN HUSSEIN and SHIFERAW AWLACHEW, on behalf of themselves and all others <u>similarly situated</u> , PLAINTIFF(S),

V.

<u>REPUBLIC PARKING</u> , DEFENDANT(S) SYSTEM, LLC and SCOTT TITMUS

TRIAL COURT OF THE COMMONWEALTH SUPERIOR COURT DEPARTMENT CIVIL DOCKET NO. <u>1981-CV-00991</u>

**SUMMONS**

THIS SUMMONS IS DIRECTED TO <s>REPUBLIC PARKING SYSTEM</s> (Defendant's name) LLC

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the <u>Middlesex Superior</u>Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your signed original response with the Clerk's Office for Civil Business, <u>Middlesex</u>Court, <u>200 Trade Center</u> (address), by mail or in person, **AND** Superior
   
   <u>Woburn, MA  01801</u>

   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: <u>2 Salem Green, Suite 2, Salem,</u>. MA  01970

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at <u>www.mass.gov/courts/case-legal-res/rules of court.</u>

A true copy Attest:

[9/25/19]    Deputy Sheriff Suffolk County

4.  **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  **Required Information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on __April 17____ , 20_19_ .

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on_____ , 20___ , I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated:_____ , 20____     Signature:_____

**N.B.     TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

```
                                                            , 20___
```

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

MIDDLESEX SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CA No. 1981-CV-00991

MOHAMED ABRAR, HUSSEIN HUSSEIN
AND SHIFERAW AWLACHEW, on behalf of
themselves and all others similarly situated,

     Plaintiffs,

v.

REPUBLIC PARKING SYSTEM, LLC and
SCOTT TITMUS,

     Defendants.

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

APR 1 6 2019

CLERK

## FIRST AMENDED COMPLAINT
## AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

    Plaintiffs, Mohamed Abrar ("Abrar"), Hussein Hussein ("Hussein") and Shiferaw Awlachew ("Awlachew") (collectively "Plaintiffs") hereby bring this action on behalf of themselves and all others similarly situated against Republic Parking System, LLC ("Republic Parking") and Scott Titmus ("Titmus") (collectively "Defendants") for various violations of the Massachusetts wage laws and regulations.

    More specifically, Plaintiffs claim that Defendants habitually refused to pay employees for hourly wages worked, overtime and travel time.

    Plaintiffs allege that these habitual failures to comply with Massachusetts law constitute violations of, *inter alia*, M.G.L. c. 149, § 148, M.G.L. c. 151 § 1A and 454 CMR 27.04(4)(a-e).

    Plaintiffs now seeks treble recovery of all unpaid wages remaining due and owing to Plaintiffs and the Class.

Plaintiffs also seeks to enjoin Defendants from continuing the practice of failing to properly pay employees in compliance with the mandates of Massachusetts law.

## PARTIES

1.  Plaintiff, Mohamed Abrar, is an individual residing in Woburn, Massachusetts.

2.  Plaintiff, Hussein Hussein, is an individual residing in Somerville, Massachusetts.

3.  Plaintiff, Shiferaw Awlachew, is an individual residing in Everett, Massachusetts.

4.  Defendant, Republic Parking System, LLC, is a foreign limited liability company formed under the laws of the state of Tennessee with a registered agent in the Commonwealth of Massachusetts at CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

5.  Defendant, Scott Titmus is the president and registered manager of Republic Parking System, LLC, as registered with the Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

6.  This Court has personal jurisdiction over, Republic Parking System, LLC as it is a foreign limited liability company with a registered agent located in Boston, Massachusetts. This Court also has personal jurisdiction over Republic Parking System, LLC by virtue of their transactions and/or conducting of trade/business throughout the Commonwealth at all times relevant hereto.

7.  This Court has personal jurisdiction over Scott Titmus as he is the registered president and manager of Republic Parking System, LLC, as registered with the Commonwealth of Massachusetts. This Court also has personal jurisdiction over Scott Titmus by virtue of his profiting from transactions and/or trade/business in the Commonwealth at all times relevant hereto.

2

8.  Upon information and belief, this Court has jurisdiction over the claims contained herein as they relate to Plaintiffs and the putative class because the claims for damages exceed twenty-five thousand dollars ($25,000.00).

9.  Venue in this matter is proper as Plaintiffs, Abrar, Hussein, and Awlachew are all residents of Middlesex County.

## FACTUAL ALLEGATIONS

10.  Plaintiffs repeat and re-allege the allegations set forth above.

11.  Republic Parking is a limited liability company which provides parking and transportation services at airports and urban markets throughout the Commonwealth.

12.  M.G.L c. 149, § 148 requires. *inter alia,* that:

> Every person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or to within seven days of the termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week

13.  The Massachusetts Wage Act requires employers to pay all wages due to employees promptly.

14.  M.G.L c. 151, § 1A requires. *inter alia,* that:

> [N]o employer in the commonwealth shall employ any of his employees in an occupation, as defined in section two, for a work week longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one- and one-half times the regular rate at which he is employed.

15.  454 CMR 27.04 states in pertinent part:

> An employee required or directed to travel from one place to another after the beginning of or before the close of the work day shall be compensated for all travel time and shall be reimbursed *for all transportation expenses.*

16.  Republic Parking is bound by the requirements of M.G.L. c. 149, § 148.

3

17.   Republic Parking is bound by the requirements of M.G.L. c. 151, § 1A.

18.   Republic Parking is bound by the requirements of 454 CMR 27.04.

19.   Republic Parking is bound by the requirements of the Massachusetts Wage Act.

20.   Republic Parking's employees are entitled to timely payment of wages under 149, § 148.

21.   Republic Parking's employees are entitled to overtime pay in accordance with M.G.L. c. 151, § 1A.

22.   Republic Parking's employees are entitled to transportation expenses in accordance with 454 CMR 27.04.

23.   Republic Parking's employees are entitled to timely payment of wages under the Massachusetts Wage Act.

24.   Scott Titmus, as president and registered manager of Republic Parking, is deemed to be the employer of Republic Parking employees for the purposes of M.G.L. c. 149, § 148.

25.   Scott Titmus, as president and registered manager of Republic Parking, is deemed to be the employer of Class Members as defined herein.

26.   Scott Titmus, as president and registered manager of Republic Parking, is personally liable for the Wage Act violations of Republic Parking set forth herein.

## FACTUAL ALLEGATIONS: MOHAMED ABRAR

27.   Republic Parking offered Abrar employment in March of 2017.

28.   In March of 2017, Abrar accepted Republic Parking's offer of employment and the terms set forth therein ("Abrar's Employment Contract").

29.   On or about April 1, 2017, Abrar began working for Republic Parking.

30.   Abrar was hired as a maintenance lot attendant.

31.   Arbrar's Employment Contract constituted a binding contract between the parties.

4

32. The express terms set forth in Abrar's Employment Contract stated that Abrar be paid a normal rate of pay of $18.00 per hour.

33. Abrar was hired as a "nonexempt" full time employee.

34. Abrar was at all time relevant hereto a "nonexempt" full time employee.

## FACTUAL ALLEGATIONS: HUSSEIN HUSSEIN

35. Republic Parking offered Hussein employment in March of 2017.

36. In March of 2017, Hussein accepted Republic Parking's offer of employment and the terms set forth therein ("Hussein's Employment Contract").

37. On or about April 1, 2017, Hussein began working for Republic Parking.

38. Hussein was hired as an enforcement lot attendant.

39. Hussein's Employment Contract constituted a binding contract between the parties.

40. The express terms set forth in Hussein's Employment Contract required that Abrar be paid a normal rate of pay of $16.00 per hour.

41. Hussein was hired as a "nonexempt" full time employee.

42. Hussein was at all time relevant hereto a "nonexempt" full time employee.

## FACTUAL ALLEGATIONS: SHIFERAW AWLACHEW

43. Republic Parking offered Awlachew employment in March of 2017.

44. In March of 2017, Awlachew accepted Republic Parking's offer of employment and the terms set forth therein ("Hussein's Employment Contract").

45. On or about April 1, 2017, Awlachew began working for Republic Parking.

46. Awlachew was hired as a management lot attendant.

47. Awlachew's Employment Contract constituted a binding contract between the parties.

48. The express terms set forth in Awlachew's Employment Contract required that Awlachew be paid a normal rate of pay of $20.00 per hour.

49.  Awlachew was hired as a "nonexempt" full time employee.

50.  Awlachew was at all time relevant hereto a "nonexempt" full time employee.

## **FACTUAL ALLEGATIONS: OVERTIME CLAIMS**

51.  On or about March 22, 2019, Plaintiffs submitted, to the Massachusetts Attorney General's Office, a written request to pursue private rights of action against Defendants for wage violations.

52.  On or about March 25, 2019, the Massachusetts Fair Labor Division, Office of the Massachusetts Attorney General, authorized Plaintiffs to pursue private rights of action against Defendants for wage violations.

53.  Plaintiffs are non-exempt employees entitled to overtime under the Massachusetts wage laws.

54.  Abrar worked in excess of eighty (80) hours during at least one pay period during his employment with Republic Parking.

55.  Awlachew worked in excess of eighty (80) hours during at least one pay period during his employment with Republic Parking.

56.  Hussein worked in excess of eighty (80) hours during at least one pay period during his employment with Republic Parking.

57.  Abrar was not paid overtime wages for the time he worked in excess of eighty (80) hours in one pay period during his employment with Republic Parking.

58.  Awlachew was not paid overtime wages for the time he worked in excess of eighty (80) hours in one pay period during his employment with Republic Parking.

59.  Hussein was not paid overtime wages for the time he worked in excess of eighty (80) hours in one pay period during his employment with Republic Parking.

60. Plaintiffs were entitled to overtime in the amount of not less than one- and one-half times the regular rate at which they were employed pursuant to M.G.L. c. 151, § 1A.

61. Plaintiffs were entitled to overtime in the amount of not less than one- and one-half times the regular rate at which they were employed pursuant to the terms of their Employment Contracts.

62. Republic Parking compensated Plaintiffs in the amount of less than one- and one-half times the regular rate at which they were employed for hours worked in excess of forty (40) hours per week. _See_, **Exhibit 1** (*"Abrar Paystubs"*); **Exhibit 2** (*"Hussein Paystubs"*); and **Exhibit 3** (*"Awlachew Paystubs"*).

63. Plaintiffs were not paid time and a half for all hours worked in excess of forty (40) hours per week. _See_, **Exhibit 1**; **Exhibit 2**; and **Exhibit 3**.

64. Republic Parking has entered into numerous other employment contracts with employees in the state of Massachusetts ("Employee Contracts").

65. Upon information and belief numerous other employees have worked time in excess of forty (40) hours per week.

66. Republic Parking compensated other employees in an amount of less than one- and one-half times the regular rate at which they were employed for hours worked in excess of forty (40) hours per week.

67. As a result of the acts and omissions set forth above, Plaintiffs and other employees have suffered harm, including but not limited to, unpaid wages, with accruing interest thereon.

## FACTUAL ALLEGATIONS: BANKED TIME CLAIMS

68. Republic Parking has a practice of failing to pay hours worked in excess of forty (40) hours per week/pay period.

69.    Republic Parking has a practice of requiring employees to bank hours worked in excess of forty (40) hours per week/pay period ("Banked Hours").

70.    Republic Parking has a practice of requiring employees to mark their Banked Hours on the back of their time cards.

71.    Republic Parking has a practice of requiring employees to mark their Banked Hours on the back of their time cards in order to keep track of how many overtime hours each employee was owed.

72.    Republic Parking has a practice of failing to pay Banked Hours to Employees.

73.    Plaintiffs have not been paid for their Banked Hours at the appropriate rate.

74.    Republic Parking has not paid Plaintiffs for their Banked Hours.

75.    Republic Parking did not pay Plaintiffs for every hour worked.

76.    Republic Parking did not pay Plaintiffs for every hour worked on a weekly basis.

77.    Plaintiffs were not been paid for their Banked Hours in the pay period in which they were earned.

78.    Republic Parking failed to pay wages to Plaintiffs for hours they worked.

79.    Republic Parking failed to pay wages to Plaintiffs in a timely manner.

80.    Plaintiffs were not paid wages for hours worked during at least one week of their employment.

81.    Plaintiffs were not paid wages for hours worked during at least five weeks of their employment.

82.    Plaintiffs were not paid wages for hours worked during at least twenty-five weeks of their employment.

83.    Plaintiffs were not paid wages for hours worked during at least fifty weeks of their employment.

8

84.    Republic Parking is required to pay all wages due to employees.

85.    Republic Parking is required to pay all wages due to employees promptly.

86.    Upon information and belief, Republic Parking failed to pay wages to numerous other employees for hours they worked.

87.    Upon information and belief, Republic Parking failed to pay wages to numerous other employees for hours they worked in a timely manner.

88.    Upon information and belief, Republic Parking failed to pay compensation to numerous other employees for all time worked.

89.    Upon information and belief, Republic Parking failed to pay compensation to numerous other employees for all time worked in a timely manner.

90.    Upon information and belief, Republic Parking failed to pay compensation to numerous other employees at their contractual hourly rates.

91.    Upon information and belief at least fifty other employees have worked time in excess of forty hours per week.

92.    Upon information and belief at least fifty other employees have not been paid for all hours worked in excess of forty hours per week.

93.    Plaintiffs were entitled to overtime in the amount of not less than one and one-half times the regular rate at which they were employed pursuant to M.G.L. c. 151, § 1A.

94.    As a result of the acts and omissions set forth above, Plaintiffs and other employees have suffered harm, including but not limited to, unpaid wages, with accruing interest thereon.

## FACTUAL ALLEGATIONS: TRAVEL TIME CLAIMS

95.    The express terms of the Employment Contracts required that Republic Parking compensate Plaintiffs for certain travel expenses.

9

96.  Plaintiffs used their own vehicles to travel on behalf of Republic Parking.

97.  Plaintiffs traveled approximately 120 miles per day during their shifts for Republic Parking. See e.g., **Exhibit 4** ("*Abrar's Auto Mileage Logs*"); **Exhibit 5** ("*Hussein's Auto Mileage Logs*") and **Exhibit 6** ("*Awlachew's Auto Mileage Logs*").

98.  Plaintiffs were required to submit Auto Mileage Logs for reimbursement. See, **Exhibit 4**; **Exhibit 5**; and **Exhibit 6**.

99.  Plaintiffs submitted Auto Mileage Logs to Republic Parking regularly.

100.  Plaintiffs were not reimbursed for all travel expenses by Republic Parking.

101.  Republic Parking failed to pay Plaintiffs in full for the travel expenses Plaintiffs' accrued.

102.  Plaintiffs were not reimbursed for all travel expenses by Republic Parking during the pay period in which they were incurred.

103.  Plaintiffs incurred travel expenses not compensated or reimbursed by Republic Parking.

104.  Other employees incurred travel expenses not compensated or reimbursed by Republic Parking.

105.  Plaintiffs were entitled to compensation for traveling expenses.

106.  As a result of the acts and omissions set forth above, Plaintiffs and other employees have suffered harm, including but not limited to, unpaid wages, with accruing interest thereon.

## CLASS ALLEGATIONS

107.  Plaintiffs, on behalf of themselves and other similarly situated individuals, brings action as a class action in accordance with Massachusetts Rule of Civil Procedure 23; M.G.L. c. 149, § 148; M.G.L. c. 151, § 1A; and 454 CMR 27.04.

108.  Republic Parking's actions as described above constitute violations of M.G.L. c. 149, § 148; M.G.L. c. 151, § 1A and 454 CMR 27.04.

10

109.   Plaintiffs and the Class ("Class") shall be defined as follows:

      All employees who:

      A. Received compensation for hours worked in excess of forty (40) hours per week at a rate of less than one and one-half times the regular rate at which he/she was employed; and/or

      B. Did not receive compensation of their wages within 6 days of termination of the pay period during which the wages were earned; and/or

      C. Were not compensated for travel expenses.

110.   The members of the Class are so numerous that joinder of all members would be impracticable.

111.   Plaintiffs' claims are typical of the claims of other members of the Class, as all members of the Class have been similarly affected by Republic Parking's unlawful practices.

112.   Plaintiffs will fairly and adequately protect the interests of the Class and are represented by counsel experienced in complex class action litigation.

113.   Common questions of law and fact exist and predominate over any questions of law or fact which may affect only individual class members. Common questions of law and fact include:

      A. Whether Republic Parking was required to pay Class Members compensation in accordance with M.G.L. c. 149, § 148;

      B. Whether Republic Parking was required to timely pay Class Members compensation in accordance with M.G.L. c. 149, § 148;

      C. Whether Republic Parking was required to timely pay Class Members compensation in accordance with M.G.L. c. 151, § 1A;

      D. Whether Republic Parking was required to timely pay Class Members compensation in accordance with 454 CMR 27.04;

E.   Whether the acts and omissions of Republic Parking constitute violations of any or all of the following statutes and/or regulations: M.G.L. c. 149, § 148; M.G.L. c. 151, § 1A and/or 454 CMR 27.04;

F.   Whether the acts and omissions of Republic Parking constitute Breach(es) of Contract;

G.   The applicable statute of limitations on any or all of the successful causes of action;

H.   Whether Republic Parking should be permanently enjoined from continuing the practice which is the subject matter of this civil action; and

I.    Whether Plaintiffs and each Class member are entitled to damages, and if so the proper measure of damages.

114.   A class action will cause an orderly and expeditious administration of the claims of each Class member.

115.   A class action will foster economies of time, effort and expense to ensure uniformity of decisions, presenting the most efficient manner of adjudicating the claims set forth herein.

**COUNT I**
**VIOLATION OF M.G.L. c. 151, § 1A**
**Failure to Pay Overtime Wages**
**(Pursuant to M.G.L. c. 151, § 1B)**
**(Plaintiffs and the Class v. Defendants)**

116.   Plaintiffs repeat and re-allege the allegations set forth above.

117.   M.G.L c. 151, § 1A requires. *inter alia*, that:

… [N]o employer in the commonwealth shall employ any of his employees in an occupation, as defined in section two, for a work week longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one half times the regular rate at which he is employed.

118.   Republic Parking is bound by the requirements of M.G.L. c. 151, § 1 A.

12

119.   Scott Titmus, as president and registered manager of Republic Parking, is deemed to be the employer of Republic Parking employees for the purposes of M.G.L. c. 151, § 1 A.

120.   Scott Titmus, as president and registered manager of Republic Parking, is deemed to be the employer of Class Members as defined herein.

121.   Scott Titmus, as president and registered manager of Republic Parking, is personally liable for the Wage Act violations of Republic Parking set forth herein.

122.   Plaintiffs are/were non-exempt employee entitled to overtime under the Massachusetts wage laws.

123.   Plaintiffs were entitled to overtime compensation pursuant to M.G.L. c. 151, § 1 A for time worked in excess of forty (40) hours per week at a rate not less than one- and one-half times the regular rate at which they were employed.

124.   Class Members are non-exempt employee entitled to overtime under the Massachusetts wage laws.

125.   Class Members were entitled to overtime pay under M.G.L. c. 151, § 1 A for time worked in excess of forty (40) hours per week at a rate not less than one- and one-half times the regular rate at which they were employed.

126.   Republic Parking did not compensate Plaintiffs for time worked in excess of forty (40) hours per week at a rate of one- and one-half times the regular rate at which they were employed.

127.   Republic Parking did not compensate Class Members for time worked in excess of forty (40) hours per week at a rate of one- and one-half times the regular rate at which they were employed.

128.   Republic Parking's acts and omissions as set forth herein constitute violation of M.G.L. c. 151, § 1A.

129.   As a direct result of Republic Parking's violations of M.G.L. c. 151, § 1A as set forth herein,

Plaintiffs and Class Members have suffered damages, including but not limited to, the full

payment of wages due and owing, with continuing interest thereon.

**WHEREFORE,** Plaintiffs respectfully requests that this Court enter Judgment

against Defendants for its violations of M.G.L. c. 151, § 1A and that the Court award treble

damages, costs, and attorneys' fees, and any other such relief the Court deems just and

appropriate.

### COUNT II
### VIOLATION OF M.G.L. c. 149, § 148
### Failure to Pay Timely Wages
### (Pursuant to M.G.L. c. 149, § 150)
### (Plaintiffs and the Class v. Defendants)

130.   Plaintiffs repeat and re-allege the allegations set forth above.

131.   Republic Parking is bound by the requirements of M.G.L. c. 149, § 148.

132.   Scott Titmus, as president and registered manager of Republic Parking, is deemed to be the

employer of Republic Parking employees for the purposes of M.G.L. c. 149, § 148.

133.   Scott Titmus, as president and registered manager of Republic Parking, is deemed to be the

employer of Class Members as defined herein.

134.   Scott Titmus, as president and registered manager of Republic Parking, is personally liable

for the Wage Act violations of Republic Parking set forth herein.

135.   Republic Parking was required to timely pay compensation to Plaintiffs for hours worked, at

the correct hourly rate.

136.   Republic Parking was required to timely pay compensation to Class Members for hours

worked, at the correct hourly rate.

137.   Republic Parking did not timely pay compensation to Plaintiffs for hours worked.

138.   Republic Parking did not timely pay compensation to Plaintiffs for overtime hours worked.

14

139. Republic Parking did not timely pay compensation to Class Members for hours worked.

140. Republic Parking did not timely pay compensation to Class Members for overtime hours worked.

141. Republic Parking acts and omissions as set forth herein constitute violations of M.G.L. c. 149, § 148.

142. As a direct result of Republic Parking's violations of M.G.L. c. 149, § 148 as set forth herein, Plaintiffs and Class Members have suffered damages, including but not limited to, the full payment of wages due and owing, with continuing interest thereon.

　　　　**WHEREFORE,** Plaintiffs respectfully requests that this Court enter Judgment against Defendants for its violations of M.G.L. c. 149, § 148 and that the Court award treble damages, costs, and attorneys' fees, and any other such relief the Court deems just and appropriate.

**COUNT III**
**VIOLATION OF M.G.L. c. 149, § 151**
**Failure to Pay Travel Expenses**
**(Pursuant to 454 CMR 27.04)**
**(Plaintiffs et al. v. Defendants)**

143. Plaintiffs repeat and re-allege the allegations set forth above.

144. 454 CMR 27.04 states in pertinent part:

　　　　An employee required or directed to travel from one place to another after the beginning of or before the close of the work day shall be compensated for all travel time and *shall be reimbursed for all transportation expenses.*

145. Republic Parking is bound by the requirements of 454 CMR 27.04.

146. Scott Titmus, as president and registered manager of Republic Parking, is deemed to be the employer of Republic Parking employees for the purposes of 454 CMR 27.04.

147. Scott Titmus, as president and registered manager of Republic Parking, is deemed to be the employer of Class Members as defined herein.

148. Scott Titmus, as president and registered manager of Republic Parking, is personally liable for the Wage Act violations of Republic Parking set forth herein.

149. Republic Parking was required to timely pay all transportation expenses to Plaintiffs.

150. Republic Parking was required to timely pay all transportation expenses to Class Members.

151. Republic Parking did not timely pay compensation to Plaintiffs for transportation expenses.

152. Republic Parking did not timely pay compensation to Class Members for transportation expenses.

153. Republic Parking acts and omissions as set forth herein constitute violations of 454 CMR 27.04

154. As a direct result of Republic Parking's violations of 454 CMR 27.04 as set forth herein, Plaintiffs and Class Members have suffered damages, including but not limited to, the full payment of wages due and owing, with continuing interest thereon.

**WHEREFORE,** Plaintiffs respectfully requests that this Court enter Judgment against Defendants for its violations of 454 CMR 27.04 and that the Court award treble damages, costs, and attorneys' fees, and any other such relief the Court deems just and appropriate.

**COUNT IV**
**BREACH OF CONTRACT**
**(Plaintiffs et al. v. Republic Parking)**

104. Plaintiffs repeat and re-allege the allegations set forth above.

105. Republic Parking offered Plaintiffs employment.

106. Plaintiffs accepted Republic Parking's offer of employment and the terms set forth therein.

107. Plaintiffs' acceptance of Plaintiffs' Employment Contracts created contracts between the parties.

108. Plaintiffs' Employment Contracts constituted binding contracts between the parties.

109.  Plaintiffs' Employment Contract required that Republic Parking to compensate Plaintiffs in accordance with the Massachusetts Wage Laws.

110.  Plaintiffs' Employment Contract required Republic Parking to compensate Plaintiffs for time worked in excess of forty (40) hours per week at a rate of one- and one-half times the regular rate at which they were employed.

111.  Plaintiffs' Employment Contract required Republic Parking to compensate Plaintiffs for every hour worked.

112.  Plaintiffs' Employment Contract required Republic Parking to compensate Plaintiffs for travel expenses.

113.  Republic Parking did not compensate Plaintiffs for time worked in excess of forty (40) hours per week at a rate of one- and one-half times the regular rate at which they were employed.

114.  Republic Parking did not compensate Plaintiffs for every hour worked.

115.  Republic Parking did not compensate Plaintiffs for travel expenses.

116.  Republic Parking breached Plaintiffs' Employment Contracts by failing to compensate Plaintiffs for time worked in excess of forty (40) hours per week at a rate of one- and one-half times the regular rate at which they were employed.

117.  Republic Parking breached Plaintiffs' Employment Contracts by failing to compensate Plaintiffs for every hour worked.

118.  Republic Parking breached Plaintiffs' Employment Contracts by failing to compensate Plaintiffs for travel expenses.

119.  Class Members accepted Republic Parking's offer of employment.

120.  Class Members' acceptance of Republic Parking's employment offer created contracts between the Class Members and Republic Parking ("Class Members' Employment Contracts").

121. Class Members' Employment Contracts constituted binding contracts between the parties.

122. Class Members' Employment Contracts required that Republic Parking to compensate Class Members in accordance with the Massachusetts Wage Laws.

123. The Class Members' Employment Contracts required Republic Parking to compensate Class Members for time worked in excess of forty (40) hours per week at a rate of one- and one-half times the regular rate at which each Class Member was employed.

124. The Class Members' Employment Contracts required Republic Parking to compensate Class Members for every hour worked.

125. The Class Members' Employment Contracts required Republic Parking to compensate Class Members for travel expenses.

126. Republic Parking did not compensate Class Members for time worked in excess of forty (40) hours per week at a rate of one- and one-half times the regular rate at which each Class Member was employed.

127. Republic Parking did not compensate Class Members for every hour worked.

128. Republic Parking did not compensate Class Members for travel expenses.

129. Republic Parking breached Class Members' Employment Contracts by failing to compensate Class Members for time worked in excess of forty (40) hours per week at a rate of one- and one-half times the regular rate at which each Class Member was employed.

130. Republic Parking breached Class Members' Employment Contracts by failing to compensate Class Members for every hour worked.

131. Republic Parking breached Class Members' Employment Contracts by failing to compensate Class Members for travel expenses.

132.   As a direct result of Republic Parking's breaches of contract as set forth herein, Plaintiffs and Class Members have suffered damages, including but not limited to, the full payment of wages due and owing, with continuing interest thereon.

      **WHEREFORE,** Plaintiffs respectfully requests that this Court enter Judgment against Republic Parking for its breach(es) of contract and that the Court award damages, and any other such relief the Court deems just and appropriate.

## COUNT V
## DECLARATORY JUDGMENT

133.   Plaintiffs repeats and re-alleges the allegations set forth above.

134.   There exists an actual controversy as to whether Republic Parking, pursuant to Massachusetts statutory law, Massachusetts regulatory law and/or by the terms of its employment contracts with Plaintiffs and Class Members, is required to compensate Plaintiffs and Class Members for overtime.

135.   There exists an actual controversy as to whether Republic Parking, pursuant to Massachusetts statutory law, Massachusetts regulatory law and/or by the terms of its employment contracts with Plaintiffs and Class Members, is required to pay unpaid wages in the manor set forth herein.

136.   There exists an actual controversy as to whether Republic Parking, pursuant to Massachusetts statutory law, Massachusetts regulatory law and/or by the terms of its employment contracts with Plaintiffs and Class Members, is required to compensate Plaintiffs and Class Members for travel expenses.

137.   Plaintiffs and the Class are entitled to a declaration as to what, if anything Republic Parking is required to pay Plaintiffs and Class Members for overtime wages.

19

138. Plaintiffs and the Class are entitled to a declaration as to what, if anything Republic Parking is required to pay Plaintiffs and Class Members for unpaid wages.

139. Plaintiffs and the Class are entitled to a declaration as to what, if anything Republic Parking is required to pay Plaintiffs and Class Members for travel expenses.

140. Plaintiffs and the Class are entitled to a declaration that Republic Parking's acts and practices as set forth above constituted breaches of Class Members' employment contracts.

141. Plaintiffs and the Class are entitled to a declaration that Republic Parking's acts and practices as set forth above constitute a violation of M.G.L. c. 149, § 148.

142. Plaintiffs and the Class are entitled to a declaration that Republic Parking's acts and practices as set forth above constitute a violation if M.G.L. c. 151, § 1A.

143. Plaintiffs and the Class are entitled to a declaration that Republic Parking's acts and practices as set forth above constitute a violation if 454 CMR 27.04.

144. Plaintiffs and the Class are entitled to an order enjoining Republic Parking from continuing the practices which are the subject of the instant action in question.

WHEREFORE, Plaintiffs and the Class demand that this Honorable Court declare that Republic Parking was/is required to pay unpaid wages and/or overtime compensation to all Class Members.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, demands judgment against Republic Parking as follows:

A. An order determining that this action is a proper class action and certifying Plaintiffs as representatives of the putative class;

B. An order appointing Plaintiffs' counsel as competent legal representatives of the putative class in this action;

20

C.  An order stating that Republic Parking is/was required to pay unpaid wages, overtime and/or travel expenses to Plaintiffs and Class Members;

D.  An order determining that the acts and omissions of Republic Parking, as stated herein, constitute violations of any or all of the following statutes and/or regulations:  M.G.L. c. 149, § 148; M.G.L. c. 151, § 1A; and/or 454 CMR 27.04;

E.  An order determining that the acts and omissions of Republic Parking constitute Breach(es) of Contract;

F.  An order determining the applicable statute of limitations on any or all of the successful causes of action;

G.  An order determining that Republic Parking is permanently enjoined from continuing the practice which is the subject matter of this civil action;

H.  An order awarding Plaintiffs an appropriate stipend for acting as class representative; and

I.  An order awarding Plaintiffs and the Class any further relief as may be just and appropriate.

## JURY DEMAND

Plaintiffs, on behalf of themselves and all others similarly situated hereby demands trial by jury on all counts of this Complaint, which are triable by a jury.

Respectfully Plaintiffs,                            DATED:  April 12, 2019
By their attorneys,

David J. Relethford, Esq.
BBO# 691223
drelethford@forrestlamothe.com
Michael C. Forrest, Esq.
BBO# 681401
mforrest@forrestlamothe.com
Forrest, LaMothe, Mazow,
McCullough, Yasi & Yasi, P.C.
2 Salem Green, Suite 2
Salem, MA 01970
617-231-7829

**REPUBLIC PARKING SYSTEM**
CHATTANOOGA, TENNESSEE 37450

**PAYROLL ACCOUNT**

Bank of America

DATE
08/07/2017          Non-negotiable

PAY   Non-negotiable

TO THE   SHIFERAW AWLACHEW
ORDER
OF

Republic Parking System, LLC
Non-negotiable   Non-negotiable



| | | | | | | SHIFT | PAY PERIOD | | CHECK DATE | CHECK NO. |
|---|---|---|---|---|---|---|---|---|---|---|
| AWLACHEW, SHIFERAW | | | | | | 1 | 07/16/2017 - 07/31/2017 | | 08/07/2017 | |
| 00152 - RPS of Massachusetts MBTA URB : 00051 - Management Lot | | | | | | | MS | | | |
| Republic Parking System, LLC   633 Chestnut Street  Suite 2000  Chattanooga, TN 37450 | | | | | | | : | | | |

| EARNING | | Rate | Hr/Unt | Earnings | YTD | EARNING | Rate | Hr/Unt | Earnings | YTD |
|---|---|---|---|---|---|---|---|---|---|---|
| Overtime | | | | $0.00 | $2,040.00 | Regular wag | $20.0000 | 88.00 | $1,760.00 | $14,260.00 |
| Holiday | | | | $0.00 | $160.00 | | | | | |

| TAXES | F/S Ex D | Earnings | | al | Amount | YTD |
|---|---|---|---|---|---|---|
| FICA OASDI | 0 | $1,644.86 | | | $101.99 | $991.97 |
| Medicare | 0 | $1,644.86 | | | $23.85 | $231.99 |

| DEDUCTIONS | | Current | Arrears Bal. | YTD |
|---|---|---|---|---|
| Dental Ins | | $15.46 | $0.00 | $61.84 |
| Health Insurance | | $96.75 | $0.00 | $387.00 |
| Vision Ins | | $2.93 | $0.00 | $11.72 |

| P.T.O. | (Hrs) | Carry Ovr. | Earned | Taken | Available |
|---|---|---|---|---|---|
| | | | | | |

| BANK ACCOUNT | Deposit Amount |
|---|---|
| XXXXXXX | $1,224.80 |

| CURRENT | | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|---|
| Hours 88.00 | | $1,760.00 | $420.06 | $115.14 | $1,224.80 |
| cud Hours 88.00 | | | | | |

Consider Direct Deposit



**REPUBLIC PARKING SYSTEM**
CHATTANOOGA, TENNESSEE 37450

**PAYROLL ACCOUNT**

Bank of America

DATE
05/05/2017        Non-negotiable

PAY    Non-negotiable

TO THE   HUSSEIN S HUSSEIN
ORDER
OF

Republic Parking System, LLC
Non-negotiable   Non-negotiable

| | | SHIFT | PAY PERIOD | CHECK DATE | CHECK NO. |
|---|---|---|---|---|---|
| HUSSEIN, HUSSEIN S | | 1 | 04/16/2017 - 04/30/2017 | 05/05/2017 | 808882 |
| 00152 - RPS of Massachusetts MBTA URB : 00052 - Enforcement Lot | | MS | : | | |
| Republic Parking System, LLC   633 Chestnut Street  Suite 2000  Chattanooga, TN 37450 | | | | | |

| EARNING | Rate | Hr/Unt | Earnings | YTD | EARNING | Rate | Hr/Unt | Earnings | YTD |
|---|---|---|---|---|---|---|---|---|---|
| Overtime | | | $0.00 | $126.96 | Regular wag | $16.0000 | 92.50 | $1,480.00 | $2,584.00 |

| TAXES | F/S Ex D | Earnings | al | Amount | YTD |
|---|---|---|---|---|---|
| FICA OASDI | 0 | $1,480.00 | | $91.76 | $168.08 |
| Medicare | 0 | $1,480.00 | | $21.46 | $39.31 |

| DEDUCTIONS | | Current | Arrears Bal. | YTD |
|---|---|---|---|---|

| P.T.O. | (Hrs) | arry Ovr. | Earned | Taken | Available |
|---|---|---|---|---|---|

| CURRENT | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Hours    92.50 | | | | |
| rked Hours  92.50 | $1,480.00 | $235.99 | $0.00 | $1,244.01 |

Consider Direct Deposit



**REPUBLIC PARKING SYSTEM**
CHATTANOOGA, TENNESSEE 37450

**PAYROLL ACCOUNT**

Bank of America

DATE
09/29/2017          Non-negotiable

PAY     Non-negotiable

TO THE    MOHAMED SAID ABRAR,
ORDER
OF

Republic Parking System, LLC
Non-negotiable  Non-Negotiable

| | | SHIFT | PAY PERIOD | CHECK DATE | CHECK NO. |
|---|---|---|---|---|---|
| ABRAR, MOHAMED SAID | | 1 | 09/11/2017 - 09/24/2017 | 09/29/2017 | |
| 00152 - RPS of Massachusetts MBTA URB : 00053 - Maintenance Lot | | MS | : | | |
| Republic Parking System, LLC   633 Chestnut Street  Suite 2000  Chattanooga, TN  37450 | | | | | |

| EARNING | Rate | Hr/Unt | Earnings | YTD |
|---|---|---|---|---|
| Overtime | | | $0.00 | $2,794.50 |
| Holiday | | | $0.00 | $288.00 |

| EARNING | Rate | Hr/Unt | Earnings | YTD |
|---|---|---|---|---|
| Regular wag | $18.0000 | 88.00 | $1,584.00 | $18,522.00 |

| TAXES | F/S | Ex | D | Earnings | al | Amount | YTD |
|---|---|---|---|---|---|---|---|
| FICA OASDI | | 0 | | $1,584.00 | | $98.21 | $1,339.48 |
| Medicare | | 0 | | $1,584.00 | | $22.97 | $313.27 |

| DEDUCTIONS | Current | Arrears Bal. | YTD |
|---|---|---|---|

| P.T.O. | (Hrs) | Carry Ovr. | Earned | Taken | Available |
|---|---|---|---|---|---|

| BANK ACCOUNT | | Deposit Amount |
|---|---|---|
| | | $1,336.97 |

| CURRENT | | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|---|
| Hours | 88.00 | $1,584.00 | $247.03 | $0.00 | $1,336.97 |
| Paid Hours | 88.00 | | | | |

Consider Direct Deposit

# EMPLOYEE MILAGE LOG - Daily (August)

NAME: Mohamed Abras

DATE: 8/1/17

CITY: Boston    STATE: MA    ZIP:    TELEPHONE: 781-825-1824

SIGNATURE:    CHARGE TO:

## Petty Cash Items

| DATE | PURPOSE OF TRIP | FROM | TO | BEGINNING MILAGE | ENDING MILAGE | TOTAL MILES | COST PER MILE | TOTAL |
|---|---|---|---|---|---|---|---|---|
| 8/1/17 | | | | | | 120.90 | $0.535 | $0.00 |
| 8/2/17 | | | | | | 120.90 | $0.535 | $0.00 |
| 8/3/17 | | | | | | 120.90 | $0.535 | $0.00 |
| 8/4/17 | | | | | | 120.90 | $0.535 | $0.00 |
| 8/7/17 | | | | | | 120.90 | $0.535 | $0.00 |
| 8/8/17 | | | | | | 120.90 | $0.535 | $0.00 |
| 8/9/17 | | | | | | 120.90 | $0.535 | $0.00 |
| 8/10/17 | | | | | | 120.90 | $0.535 | $0.00 |
| 8/11/17 | | | | | | 120.90 | $0.535 | $0.00 |
| 8/14/17 | | | | | | 120.90 | $0.535 | $0.00 |
| 8/15/17 | | | | | | 120.90 | $0.535 | $0.00 |
| 8/16/17 | | | | | | 120.90 | $0.535 | $0.00 |
| 8/17/17 | | | | | | 120.90 | $0.535 | $0.00 |
| 8/18/17 | | | | | | 120.90 | $0.535 | $0.00 |
| 8/21/17 | | | | | | 120.90 | $0.535 | $0.00 |
| 8/22/17 | | | | | | 120.90 | $0.535 | $0.00 |
| 8/23/17 | | | | | | 120.90 | $0.535 | $0.00 |
| 8/24/17 | | | | | | 120.90 | $0.535 | $0.00 |
| 8/25/17 | | | | | | 120.90 | $0.535 | $0.00 |
| 8/28/17 | | | | | | 120.90 | $0.535 | $0.00 |
| 8/29/17 | | | | | | 120.90 | $0.535 | $0.00 |
| 8/30/17 | | | | | | 120.90 | $0.535 | $0.00 |
| 8/31/17 | | | | | | 120.90 | $0.535 | $0.00 |
| | | | | | | 120.90 | $0.535 | $0.00 |
| | | | | | | 0 | $0.535 | $0.00 |
| | | | | | | 0 | $0.535 | $0.00 |
| | | | | | | 0 | $0.535 | $0.00 |
| | | | | | | 0 | $0.535 | $0.00 |
| | | | | | | 0 | $0.535 | $0.00 |
| | | | | | | 0 | $0.535 | $0.00 |
| | | | | TOTALS | | 2780.07 | $0.535 | $0.00 |



Suite 2000 Republic Centre
Chattanooga, TN 37450
423-756-2771
423-265-5728 (FAX)

11/1/2017

# AUTO MILEAGE LOG

## Ticket Type Information

| LOC. NUMBER | LOCATION NAME: | | | SPITTER NUMBER: | | COLOR: |
|---|---|---|---|---|---|---|
| LAST PURCHASE DATE: | | LAST PURCHASED SERIES: | | INVOICE NO: | ORDER TRIGGER #: | |

## Trip Log

| DATE | PURPOSE OF TRIP | FROM | TO | BEGINNING MILEAGE | ENDING MILEAGE | TOTAL MILES |
|---|---|---|---|---|---|---|
| | | OAKGROVE | MALDEN | | | 0.9 |
| | | MALDEN | WELLINGTON | | | 2 |
| | | WELLINGTON | SULLIVAN SQ. | | | 2 |
| | | SULLIVAN SQ. | ORIENT HEIGH | | | 7.5 |
| | | ORIENT HEIGHTS | WONDERLAND | | | 2.3 |
| | | WONDERLAND | WOODLAND | | | 18.4 |
| | | WOODLAND | RIVERSIDE | | | 1.8 |
| | | RIVERSIDE | ALEWIFE | | | 14.8 |
| | | ALEWIFE | BEVERLEY | | | 22.1 |
| | | BEVERLEY | SALEM | | | 2.1 |
| | | SALEM | LYNN | | | 5.8 |
| | | LYNN | WONDERLAND | | | 4.8 |
| | | WONDERLAND | OAKGROVE | | | 6 |
| | | OAKGROVE | MALDEN | | | .9 |
| | | MALDEN | MAIN OFFICE | | | 2.8 |
| | | MAIN OFFICE | SULLIVAN | | | 3.2 |
| | | SULLIVAN | WELLINGTON | | | 2.4 |
| | | WELLINGTON | ORIENT HEIGHTS | | | 7.8 |
| | | ORIENT HEIGHTS | WONDERLAND | | | 2.3 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

TOTAL MILES 120.9 MILES/DAY



Suite 2000 Republic Centre
Chattanooga, TN 37450
423-756-2771
423-265-5728 (FAX)

# AUTO MILEAGE LOG

### Ticket Type Information

| LOC. NUMBER | LOCATION NAME: | | SPITTER NUMBER: | | COLOR: |
|---|---|---|---|---|---|
| BOSTON | | | | | |
| LAST PURCHASE DATE: | LAST PURCHASED SERIES: | | INVOICE NO: | ORDER TRIGGER #: | |

### Trip Log

| DATE | PURPOSE OF TRIP | FROM | TO | BEGINNING MILAGE | ENDING MILAGE | TOTAL MILES |
|---|---|---|---|---|---|---|
| 3/1/18 | | | | | | 120.90 |
| 3/2/18 | | | | | | 120.90 |
| 3/5/18 | | | | | | 120.90 |
| 3/6/18 | | | | | | 120.90 |
| 3/7/18 | | | | | | 120.90 |
| 3/8/18 | | | | | | 120.90 |
| 3/9/18 | | | | | | 120.90 |
| 3/12/18 | | | | | | 120.90 |
| 3/13/18 | | | | | | 120.90 |
| 3/14/18 | | | | | | 120.90 |
| 3/15/18 | | | | | | 120.90 |
| 3/16/18 | | | | | | 120.90 |
| 3/19/18 | | | | | | 120.90 |
| 3/20/18 | | | | | | 20.90 |
| 3/21/18 | | | | | | 120.90 |
| 3/22/18 | | | | | | 120.90 |
| 3/23/18 | | | | | | 120.90 |
| 3/26/18 | | | | | | 120.90 |
| 3/27/18 | | | | | | 120.90 |
| 3/28/18 | | | | | | 120.90 |
| 3/29/18 | | | | | | 120.90 |
| 3/30/18 | | | | | | 120.90 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

TOTAL MILES 2780.07

2659-8

**REPUBLIC PARKING** SYSTEM

Suite 2000 Republic Centre
Chattanooga, TN  37450
423-756-2771
423-265-5728 (FAX)

# AUTO MILEAGE LOG

## Ticket Type Information

| LOC. NUMBER | LOCATION NAME: | | | SPITTER NUMBER: | | COLOR: |
|---|---|---|---|---|---|---|
| LAST PURCHASE DATE: | | LAST PURCHASED SERIES: | | INVOICE NO: | ORDER TRIGGER #: | |

## Trip Log

| DATE | PURPOSE OF TRIP | FROM | TO | BEGINNING MILEAGE | ENDING MILEAGE | TOTAL MILES |
|---|---|---|---|---|---|---|
| 2/1/18 | | | | | | 120.90 |
| 2/2/18 | | | | | | 120.90 |
| 2/5/18 | | | | | | 20.90 |
| 2/6/18 | | | | | | 120.90 |
| 2/7/18 | | | | | | 120.90 |
| 2/8/18 | | | | | | 120.90 |
| 2/9/18 | | | | | | 120.90 |
| 2/12/18 | | | | | | 100.90 |
| 2/13/18 | | | | | | 120.90 |
| 2/14/18 | | | | | | 120.90 |
| 2/15/18 | | | | | | 120.90 |
| 2/16/18 | | | | | | 120.90 |
| 2/19/18 | | | | | | 120.90 |
| 2/20/18 | | | | | | 120.90 |
| 2/21/18 | | | | | | 120.90 |
| 2/22/18 | | | | | | 120.90 |
| 2/23/18 | | | | | | 120.90 |
| 2/26/18 | | | | | | 120.90 |
| 2/27/18 | | | | | | 120.90 |
| 2/28/18 | | | | | | 120.90 |

TOTAL MILES 2780.07

5



Suite 2000 Republic Centre
Chattanooga, TN 37450
423-756-2771
423-265-5728 (FAX)

# AUTO MILEAGE LOG

## Ticket Type Information

| LOC. NUMBER | LOCATION NAME: | | SPITTER NUMBER: | COLOR: |
|---|---|---|---|---|
| LAST PURCHASE DATE: | LAST PURCHASED SERIES: | INVOICE NO: | ORDER TRIGGER #: | |

## Trip Log

| DATE | PURPOSE OF TRIP | FROM | TO | BEGINNING MILEAGE | ENDING MILEAGE | TOTAL MILES |
|---|---|---|---|---|---|---|
| 1/1/18 | | | | | | 120.90 |
| 1/2/18 | | | | | | 120.60 |
| 1/3/18 | | | | | | 120.90 |
| 1/4/18 | | | | | | 120.90 |
| 1/5/18 | | | | | | 120.90 |
| 1/8/18 | | | | | | 120.90 |
| 1/9/18 | | | | | | 120.90 |
| 1/10/18 | | | | | | 170.90 |
| 1/11/18 | | | | | | 110.90 |
| 1/12/18 | | | | | | 120.90 |
| 1/15/18 | | | | | | 120.90 |
| 1/16/18 | | | | | | 120.90 |
| 1/17/18 | | | | | | 120.90 |
| 1/18/18 | | | | | | 120.90 |
| 1/19/18 | | | | | | 120.90 |
| 1/22/18 | | | | | | 120.90 |
| 1/23/18 | | | | | | 120.90 |
| 1/24/18 | | | | | | 120.90 |
| 1/25/18 | | | | | | 120.90 |
| 1/26/18 | | | | | | 120.90 |
| 1/29/18 | | | | | | 120.90 |
| 1/30/18 | | | | | | 120.90 |
| 1/31/18 | | | | | | |

TOTAL MILES 2750.01



Suite 2000 Republic Centre
Chattanooga, TN 37450
423-756-2771
423-265-5728 (FAX)

# AUTO MILEAGE LOG

## Ticket Type Information

| LOC. NUMBER | LOCATION NAME: | | SPITTER NUMBER: | COLOR: |
|---|---|---|---|---|
| LAST PURCHASE DATE: | LAST PURCHASED SERIES: | INVOICE NO: | ORDER TRIGGER #: | |

## Trip Log

| DATE | PURPOSE OF TRIP | FROM | TO | BEGINNING MILEAGE | ENDING MILEAGE | TOTAL MILES |
|---|---|---|---|---|---|---|
| 12/1/17 | | | | | | 120.90 |
| 12/4/17 | | | | | | 120.90 |
| 12/5/17 | | | | | | 120.90 |
| 12/6/17 | | | | | | 120.90 |
| 12/7/17 | | | | | | 120.90 |
| 12/8/17 | | | | | | 120.90 |
| 12/11/17 | | | | | | 120.90 |
| 12/12/17 | | | | | | 120.90 |
| 12/13/17 | | | | | | 120.90 |
| 12/14/17 | | | | | | 120.90 |
| 12/15/17 | | | | | | 120.90 |
| 12/18/17 | | | | | | 120.90 |
| 12/19/17 | | | | | | 120.90 |
| 12/20/17 | | | | | | 120.90 |
| 12/21/17 | | | | | | 120.90 |
| 12/22/17 | | | | | | 120.90 |
| 12/25/17 | | | | | | 120.90 |
| 12/26/17 | | | | | | 120.90 |
| 12/27/17 | | | | | | 120.90 |
| 12/28/17 | | | | | | 120.90 |
| 12/29/17 | | | | | | 120.90 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

TOTAL MILES 2780.97



Suite 2000 Republic Centre
Chattanooga, TN 37450
423-756-2771
423-265-5728 (FAX)

# AUTO MILEAGE LOG

## Ticket Type Information

| LOC. NUMBER | LOCATION NAME: | | | SPITTER NUMBER: | | COLOR: |
|---|---|---|---|---|---|---|
| LAST PURCHASE DATE: | | LAST PURCHASED SERIES: | | INVOICE NO: | ORDER TRIGGER #: | |

## Trip Log

| DATE | PURPOSE OF TRIP | FROM | TO | BEGINNING MILAGE | ENDING MILAGE | TOTAL MILES |
|---|---|---|---|---|---|---|
| 11/1/17 | | | | | | 120.90 |
| 11/2/17 | | | | | | 120.90 |
| 11/3/17 | | | | | | 120.90 |
| 11/6/17 | | | | | | 120.90 |
| 11/7/17 | | | | | | 120.90 |
| 11/8/17 | | | | | | 120.90 |
| 11/9/17 | | | | | | 120.90 |
| 11/10/17 | | | | | | 120.90 |
| 11/13/17 | | | | | | 120.90 |
| 11/14/17 | | | | | | 120.90 |
| 11/15/17 | | | | | | 120.90 |
| 11/16/17 | | | | | | 120.90 |
| 11/17/17 | | | | | | 120.90 |
| 11/20/17 | | | | | | 120.90 |
| 11/21/17 | | | | | | 120.90 |
| 11/22/17 | | | | | | 120.90 |
| 11/23/17 | | | | | | 120.90 |
| 11/24/17 | | | | | | 120.90 |
| 11/27/17 | | | | | | 120.90 |
| 11/28/17 | | | | | | 120.90 |
| 11/29/17 | | | | | | 120.90 |
| 11/30/17 | | | | | | 120.90 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

TOTAL MILES  2780.07



**REPUBLIC PARKING** SYSTEM

Suite 2000 R-
Chattanoo

423-2(

# EMPLOYEE MILAGE LOG

| NAME: HUSSEIN HUSSEIN | | DATE: 01-01-18 |
| CITY: | STATE: | ZIP: | TELEPHONE: |
| SIGNATURE: | | CHARGE TO: |

**Petty Cash Items**

| DATE | PURPOSE OF TRIP | FROM | TO | BEGINNING MILAGE | ENDING MILAGE | TOTAL MILES | COST PER MILE |
|---|---|---|---|---|---|---|---|
| | | Wonderland | Orienthght | 0.5 | | 0 | 5.45 |
| | | Wonderland | Orienhght | 0.5 | | 0 | 5.45 |
| | | Wonderland | OAKGrove | 10. | | 0 | 0 |
| | | Sullivan | Orienhght | 10. | | 0 | |
| | | OAKGrove | Sullivan | 10. | | 0 | 5.45 |
| | | | | | | 0 | |
| | | | | | | 0 | 5.45 |
| | | | | | | 0 | |
| | | | | | | 0 | |
| | | | | | | 0 | 5.45 |
| | | | | | | 0 | |
| | | | | | | 0 | |
| | | | | | | 0 | 5.45 |
| | | | | | | 0 | |
| | | | | | | 0 | |
| | | | | | | 0 | 5.45 |
| | | | | | | 0 | |
| | | | | | | 0 | |
| | | | | | | 0 | |
| | | | | | | 0 | 5.45 |
| | | | | | | 0 | |
| | | | | | | 0 | |
| | | | | | | 0 | |
| | | | | | | 0 | |
| | | | | | | 0 | |
| | | | | | TOTALS 0 | 9.00 | |



**REPUBLIC PARKING** SYSTEM

Suite 2000 Rı
Chattanoo

423-2(

# EMPLOYEE MILAGE LOG

| NAME: HUSSEIN   HUSSEIN | | | DATE: 12-1-17 |
|---|---|---|---|
| CITY: | STATE: | ZIP: | TELEPHONE: |
| SIGNATURE: | | | CHARGE TO: |

## Petty Cash Items

| DATE | PURPOSE OF TRIP | FROM | TO | PASSENGER | NO/CHARGE | TOTAL MILES | COST/PER MILE |
|---|---|---|---|---|---|---|---|
| | | Wonderland | ORienbight | | 0.5 | ✓ | 5.45 |
| | | Wonderland | ORienhtt | | 0.5 | ✗ | 5.45 |
| | | Wonderland | OAK Grove | | 10. | ✗ | 13 |
| | | Sullivan | ORienhilh | | 10. | ✓ | |
| | | BAKGrove | Sullivan | | 10. | ✗ | 5.45 |
| | | | | | | 0 | |
| | | | | | | 0 | 5.45 |
| | | | | | | 0 | |
| | | | | | | 0 | |
| | | | | | | 0 | 5.45 |
| | | | | | | 0 | |
| | | | | | | 0 | |
| | | | | | | 0 | 5.45 |
| | | | | | | 0 | |
| | | | | | | 0 | |
| | | | | | | 0 | 5.45 |
| | | | | | | 0 | |
| | | | | | | 0 | |
| | | | | | | 0 | |
| | | | | | | 0 | |
| | | | | | | 0 | 5.45 |
| | | | | | | 0 | |
| | | | | | | 0 | |
| | | | | | | 0 | |
| | | | | | | 0 | |

TOTALS 0 900



Suite 2000 Republic Centre
Chattanooga, TN 37450
423-756-2771
423-265-5728 (FAX)

# AUTO MILEAGE LOG

**Ticket Type Information** *Shiferaw Awla Chau*

| LOC. NUMBER | LOCATION NAME: | | | SPITTER NUMBER: | | COLOR: |
|---|---|---|---|---|---|---|
| LAST PURCHASE DATE: | | LAST PURCHASED SERIES: | | INVOICE NO: | ORDER TRIGGER #. | |

### Trip Log

| DATE | PURPOSE OF TRIP | FROM | TO | BEGINNING MILEAGE | ENDING MILEAGE | TOTAL MILES |
|---|---|---|---|---|---|---|
| 2/1/18 | | | | | | 113.2 |
| 2/4/18 | | | | | | 113.2 |
| 2/5/18 | | | | | | 113.2 |
| 2/6/18 | | | | | | 113.2 |
| 2/7/18 | | | | | | 113.2 |
| 2/8/18 | | | | | | 113.2 |
| 2/9/18 | | | | | | 113.2 |
| 2/12/18 | | | | | | 113.2 |
| 2/13/18 | | | | | | 113.2 |
| 2/14/18 | | | | | | 113.2 |
| 2/15/18 | | | | | | 113.2 |
| 2/16/18 | | | | | | 113.2 |
| 2/19/18 | | | | | | 113.2 |
| 2/20/18 | | | | | | 113.2 |
| 2/21/18 | | | | | | 113.2 |
| 2/22/18 | | | | | | 113.2 |
| 2/23/18 | | | | | | 113.2 |
| 2/26/18 | | | | | | 113.2 |
| 2/27/18 | | | | | | 113.2 |
| 2/28/18 | | | | | | 113.2 |

TOTAL MILES _____



Suite 2000 Republic Centre
Chattanooga, TN 37450
423-756-2771
423-265-5728 (FAX)

# AUTO MILEAGE LOG

### Ticket Type Information  *Shiferaw Mulachew*

| LOC. NUMBER | LOCATION NAME: | | | SPITTER NUMBER. | | COLOR: |
|---|---|---|---|---|---|---|
| LAST PURCHASE DATE: <br> 10-1-17 | LAST PURCHASED SERIES: | | | INVOICE NO: | ORDER TRIGGER #: | |

### Trip Log

| DATE | PURPOSE OF TRIP | FROM | TO | BEGINNING MILEAGE | ENDING MILEAGE | TOTAL MILES |
|---|---|---|---|---|---|---|
| | | Wonderland | Lynn | | | 4.6 |
| | | Lynn | Orient bright | | | 6.1 |
| | | orient bright | Oak Grove | | | 5.2 |
| | | Oak Grove | Malden | | | 0.9 |
| | | Malden | Wellington | | | 2.00 |
| | | Wellington | Sullivan | | | 2.00 |
| | | Sullivan | Riverside | | | 12.00 |
| | | Riverside | Woodland | | | 1.8 |
| | | Woodland | Wonderland | | | 22.00 |
| | | Wonderland | Lynn | | | 4.6 |
| | | Lynn | Orient Hoght | | | 6.1 |
| | | Orient bright | Oak Grove | | | 5.2 |
| | | Oak Grove | Malden | | | 0.9 |
| | | Malden | Wellington | | | 2.00 |
| | | Wellington | Sullivan | | | 2.00 |
| | | Sullivan | Riverside | | | 12.00 |
| | | Riverside | Woodland | | | 1.8 |
| | | Woodland | Wonderland | | | 22.00 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

TOTAL MILES  56.6
113.2

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>1981CV00991 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Mohamed Abrar on behalf of Themselves and all others similarly situated<br>et al vs. Republic Parking System, LLC et al | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|

| TO: David Relethford, Esq.<br>Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi,<br>2 Salem Green Suite 2<br>Salem, MA 01970 | COURT NAME & ADDRESS<br>Middlesex County Superior Court - Woburn<br>200 Trade Center<br>Woburn, MA 01801 |
|---|---|

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                 DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 07/08/2019 | |
| Response to the complaint filed (also see MRCP 12) | | 08/06/2019 | |
| All motions under MRCP 12, 19, and 20 | 08/06/2019 | 09/05/2019 | 10/07/2019 |
| All motions under MRCP 15 | 08/06/2019 | 09/05/2019 | 10/07/2019 |
| All discovery requests and depositions served and non-expert depositions completed | 02/03/2020 | | |
| All motions under MRCP 56 | 03/03/2020 | 04/02/2020 | |
| Final pre-trial conference held and/or firm trial date set | | | 07/31/2020 |
| Case shall be resolved and judgment shall issue by | | | 04/07/2021 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED<br>04/08/2019 | ASSISTANT CLERK<br>**Maria Pantos** | PHONE<br>(781)939-2781 |
|---|---|---|

Date/Time Printed: 04-08-2019 14:17:45                                                                 SCV026\ 01/2018

| **CIVIL ACTION COVER SHEET** | DOCKET NUMBER | **Trial Court of Massachusetts** **The Superior Court** |
|---|---|---|

PLAINTIFF(S): Mohamed Abrar, Hussein Hussein, and Shilemaw Awlachew, et al.

ADDRESS:

COUNTY

DEFENDANT(S): REPUBLIC PARKING SYSTEM, LLC and Scott Titmus

ATTORNEY: David J. Relethford, Esq.

ADDRESS: 2 Salem Green, Suite 2

Salem, MA 01970

ADDRESS: CT Corporation System

155 Federal Street, Suite 700

Boston, MA 02110.

BBO: 691223

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. A01 | TYPE OF ACTION (specify) Service/Labor | TRACK F | HAS A JURY CLAIM BEEN MADE? [x] YES   [ ] NO |
|---|---|---|---|

*If "Other" please describe:

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ................................................................ $ _____
   2. Total doctor expenses .................................................................. $ _____
   3. Total chiropractic expenses ........................................................ $ _____
   4. Total physical therapy expenses ................................................ $ _____
   5. Total other expenses (describe below) ....................................... $ _____
                                       Subtotal (A): $ _____

B. Documented lost wages and compensation to date ..................................... $ _____
C. Documented property damages to dated ................................................... $ _____
D. Reasonably anticipated future medical and hospital expenses ...................... $ _____
E. Reasonably anticipated lost wages ........................................................ $ _____
F. Other documented items of damages (describe below) ............................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$ _____

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
Putative Class Claim for unpaid overtime wages and untimely payment of wages.

TOTAL: $ 75,000.00

Signature of Attorney/Pro Se Plaintiff: X

Date: April 2, 2019

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X

Date: 4-3-19